UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LESTER L. WASHINGTON

VERSUS

EAST BATON ROUGE PARISH
SCHOOL SYSTEM (EBRPSS), ET AL

CIVIL ACTION

NO. 10-503-BAJ-DLD

## RULINGS

This matter is before the Court on a motion by defendants, East Baton Rouge

Parish School System ("EBRPSS"), EBRPSS Board of Directors, EBRPSS Human

Resources Department and EBRPSS Personnel Offices, John Dilworth,

Superintendent, EBRPSS Superintendent's Office, Millie Williams, Elizabeth Duran-

Swinford, Domoine Rutledge, and Daphne Donaldson (collectively, "defendants"),

to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (doc.

40). Plaintiff, Lester L. Washington, has filed several documents in opposition to

the motion (docs. 46, 47, 48, 49, 50, 51, 52).[1] Plaintiff has also filed a motion for

leave to file an "amended and shortened" response to the motion to dismiss (doc.

57).

Plaintiff's motion for leave to file the proposed "amended and shortened"

---

[1]Some of the documents filed by plaintiff consist primarily of lists of other documents
filed in this or other cases and do not appear relevant to the motion to dismiss (docs. 47, 49).
Likewise, document 46 presents a table which appears to compare the claims asserted in this
matter with claims asserted in other actions by this plaintiff, and thus bears no apparent
relevance to the motion to dismiss other than the inclusion of a right to sue letter (doc. 46, p. 8).
The Court also notes that plaintiff did not seek leave of Court to file the additional documents.

response, however, was filed well after the previously extended deadline and, at 117 pages, the proposed response vastly exceeds the thirty page limit specified by Local Rule 7.5M. Accordingly, the motion for leave to file an amended and shortened response to the motion to dismiss shall be denied.

To survive a motion for dismissal, a plaintiff must set forth enough factual allegations to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, "a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." *Enterprises v. MacGreagor (USA) Inc.,* et al., 322 F.3d 371 (5th Cir. 2003). The court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Id.*; *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir.1995) (quoting, *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994)).

In opposition to the motion to dismiss, plaintiff argues that "[t]he court has allowed no discovery and has obstructed the transcripts that prove the claims alleged under this claim [sic]" (doc. 48, p. 4). As is noted *supra*, however, the Court

does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6). Thus, the state of discovery is irrelevant.

Though the complaint consists of seventy-seven pages, it sets forth relatively few specific, non-conclusory factual allegations, and for the reasons which follow, fails to state a claim upon which relief may be granted.

## Title II, 42 U.S.C. §2000a

Title II of the Civil Rights Act of 1964 provides, in pertinent part, that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. §2000a(a).

Plaintiff has not directed the Court to, nor has the Court found, any specific, nonconclusory facts in the complaint, which, if accepted as true, would establish a claim that he has been denied the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation on the basis of his race, color, or national origin. Accordingly, the motion will be granted insofar as defendants seek dismissal of claims asserted under 42 U.S.C. § 2000(a).

**Title IV, 42 U.S.C. §2000c**

Plaintiff states in his opposition to the motion to dismiss that he asserts no claim under 42 U.S.C. §2000c (doc. 48, p. 5-6).

**Title VI, 42 U.S.C. §2000d**

42 U.S.C. §2000d provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

Plaintiff has not directed the Court to, nor has the Court found, any specific, nonconclusory facts in the complaint that, if accepted as true, would establish a claim of discrimination on the ground of race, color, or national origin. Accordingly, the motion to dismiss shall be granted insofar as defendants seek dismissal of claims asserted pursuant to 42 U.S.C. §2000d.

**Title VII, 42 U.S.C. §2000e**

To establish a prima facie case of discrimination under Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position she sought; (3) he suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably." *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).

Plaintiff has not directed the Court to, nor has the Court found, any specific, nonconclusory facts in the complaint that, if accepted as true, would establish that others similarly situated but outside his protected class were treated more favorably. Thus, the Court concludes that plaintiff has failed to state a claim under Title VII upon which relief can be granted and the motion to dismiss shall be granted insofar as defendants seek dismissal of plaintiff's Title VII claims.

**Title IX, 20 U.S.C. §1681**

20 U.S.C. §1681(a) provides in pertinent part that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . ."

Plaintiff has not directed the Court to, nor has the Court found, any specific, nonconclusory facts in the complaint which, if accepted as true, would establish that he has been subjected to discrimination on the basis of his sex. Accordingly, the motion to dismiss shall be granted insofar as defendants seek dismissal of plaintiff's Title VII claims.[2]

---

[2]Though plaintiff alleges that sexual harassment charges were filed against him (doc. 1, p. 58), no specific, nonconclusory facts in the complaint lead to a reasonable inference that the charges were the result of discrimination for purposes of Title IX.

**Americans With Disabilities Act, 42 U.S.C. §12101**

A plaintiff states a claim for relief under the Americans with Disabilities Act if he alleges facts to establish: (1) that he has a qualifying disability; (2) that he is being denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity, and (3) that such discrimination is by reason of his disability. *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

Plaintiff has not directed the Court to, nor has the Court found, any specific, nonconclusory facts in the complaint which, if accepted as true, would establish any of the three elements of a claim under the Americans with Disabilities Act. Accordingly, the motion to dismiss shall be granted insofar as defendants seek dismissal of plaintiff's claims under the Americans with Disabilities Act.

**Family Educational Rights & Privacy Act, 20 U.S.C. §1232g**

The Family Educational Rights & Privacy Act confers no enforceable individual rights. See, e.g., *Gonzaga Univ. V. Doe*, 536 U.S. 273, 289, 122 S.Ct. 2268, 2278,153 L.Ed.3d 309 (2002)(concluding"that the nondisclosure provisions of the Family Educational Rights & Privacy Act do not confer enforcable individual rights; *Equal Access for El Paso, Inc. V. Hawkins*, 509 F.3d 697, n. 6 (5th Cir. 2007)

(noting that the Supreme Court in *Gonzaga* found that the Act "confers no individual rights and thus cannot give rise to a presumption of enforceability under § 1983").

Accordingly, the motion to dismiss shall be granted insofar as defendants seek dismissal of plaintiff's claim under the Family Rights & Privacy Act.

## Health Insurance Portability & Accountability Act, 42 U.S.C. §1320d.

The Health Insurance Portability & Accountability Act creates no private cause of action. *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006). Accordingly, the motion to dismiss shall be granted insofar as defendants seek dismissal of claims asserted pursuant to the Health Insurance Portability & Accountability Act.

## 42 U.S.C. §1981

Section 1981 provides, in pertinent part, that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. §1981. "Section 1981 claims are analyzed under the same framework as Title VII claims." *Jenkins v. Methodist Hospitals of Dallas, Inc.*, 478 F.3d 255 (5th Cir. 2007) *cert. denied*, 552 U.S. 825, 128 S.Ct. 181, 169 L.Ed.2d 35 (2007).

As is noted *supra,* plaintiff has not directed the Court to, nor has the Court found, any specific, nonconclusory facts in the complaint that, if accepted as true, would establish that others similarly situated but outside his protected class were treated more favorably. Thus, the Court concludes that plaintiff has failed to state

a claim under Section 1981 upon which relief can be granted and the motion to dismiss shall be granted insofar as defendants seek dismissal of plaintiff's Section 1981 claims.

**42 U.S.C. §1983**

"To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008)(quoting, *Moore v. Willis Indep. Sch. Dist.,* 233 F.3d 871, 874 (5th Cir. 2000).

Plaintiff alleges that he has filed "about 20" grievances with the EBRPSS, which have not resulted in hearings or proper investigations (doc. 1, p. 49). He further alleges that "[t]hey have repeatedly lied to federal and state agencies to cover up these acts and abuses" and asserts that the "[t]he REFUSAL TO INVESTIGATE THESE AWS [sic] ARE IN VIOLATION OF THE FOLLOWING LAWS AND AT NO POINT HAS THE eeoc [sic] or ocr [sic] committed to a valid and thorough investigation . . ." (*Id.* (emphasis in original)).

As is noted *supra,* however, "a plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim." Moreover, in a claim asserted pursuant to section 1983 "[a] plaintiff must establish that the

defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *Id.* (citing, *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). "A supervisor is not personally liable for his subordinate's actions in which he had no involvement." *Id.* Moreover, where a plaintiff also asserts a claim against a municipal entity, such municipal liability "requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Zarnow v. City of Witchita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010) *cert. denied*, 131 S.Ct. 3059, 79 USLW 3494, 79 USLW 3720 (2011).

Plaintiff fails to allege specific, nonconclusory facts which establish that the filing of the grievances entitled him to a hearing or a particular type of investigation under federal law. Moreover, plaintiff has not indicated specifically which defendants lied to federal and state agencies, nor has he indicated specifically what lies were told to those agencies. The Court also notes that plaintiff has failed to allege a policy or custom that is responsible for an alleged deprivation or to indicate the policymaker responsible for such policies or customs.

Because plaintiff has not directed the Court to, and the Court not found, specific, nonconclusory facts in the complaint which would establish that a particular defendant has committed a specific act or omission under color of state

law in violation of plaintiff's federal rights, the motion to dismiss shall be granted insofar as defendants seek dismissal of the claims asserted under 42 U.S.C. §1983.

**42 U.S.C. §1985**

Plaintiff's complaint mentions section 1985 in a couple of lists of statutes (doc. 1, pp. 5, 50) and mentions "inter and intra racial discrimination" *(Id.* at p. 5), but does not directly address the statute.  Moreover, plaintiff has not directed the Court to, and the Court has not found, any specific, nonconclusory facts in the complaint that, if accepted as true, would establish a claim under 42 U.S.C. §1985. Accordingly, the motion shall be granted insofar as defendants seek dismissal of claims asserted pursuant to 42 U.S.C. §1985.

**42 U.S.C. §1986**

42 U.S.C. §1986 provides that "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . ."

The plain language of the statute demonstrates that liability under section 1985 is a predicate to liability under section 1986.  Because plaintiff has failed to

allege facts to establish that wrongful acts were committed pursuant to section 1985, the motion shall be granted insofar as defendants seek dismissal of claims asserted pursuant to 42 U.S.C. § 1986.

**Age Discrimination in Employment Act**

Under the Age Discrimination in Employment Act ("ADEA") "[i]t shall be unlawful for an employer to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §623(a)(1).

The complaint provides that EBRPSS administrators "COMMITTED AGE DISCRIMINATION IN THAT LESTER L. WASHINGTON AT THE TIME OF LEAVING EBRPSS WAS 42 YEARS OLD AND IS NOW 50 YEARS OLD" (doc. 1, pp. 45-47 (emphasis in original)).[3] Plaintiff, however, has not directed the Court to, nor has the Court found, specific, nonconclusory facts in the complaint which, accepted as true, would establish that any specific defendant discriminated against plaintiff because of his age.

---

[3]The assertion is made in a numerical list of conclusory claims which begins with the number "twelve" and appears to be asserted against "EBRPSS administrators" (doc. 1, p. 45-47).

Accordingly, the motion to dismiss shall be granted insofar as defendants seek dismissal of claims asserted pursuant to the Age Discrimination in Employment Act.

Having concluded that plaintiff has failed to state any claim in this matter upon which relief can be granted, the Court next turns to the motion by defendants for Rule 11 sanctions against plaintiff. Defendants seek sanctions against plaintiff "in the form of denial of *in forma pauperis* status in regard to any other action filed against the School Board as well as that all other pleadings sought to be filed by Washington be first reviewed by a judge before the allowance of the filing" (doc. 40-1, p. 23).

This is not the first matter plaintiff has filed in this Court. On June 22, 2007, plaintiff filed suit against the National Education Association President Reggie Weaver, Louisiana Association of Educators President Carol Davis, East Baton Rouge Parish Association of Educators Board of Directors, Susie Rivet, Anita Haywood, Ventress Cofer, Vera Ellois, Louise Smith, Fran Schurtz, Ernie Blanson, Chris Blanchard, Jeff Travasos, and Bernadine McFadden. *See* No. 07-451-JJB-DLD (doc. 1). That matter was dismissed for failure to state a claim upon which relief could be granted. *Id.* (doc. 43).[4] In denying plaintiff's motion for a new trial,

---

[4]The dismissal was affirmed by the Fifth Circuit Court of Appeals on January 15, 2009 (*Id.,* doc. 61).

the Court noted plaintiff's allegation that the Court had "dismissed his action due to 'bias, personal gains (financial and otherwise), etc.'" *Id.* (doc. 49, p. 1). The Court also quoted the Fifth Circuit:

> Neither the modern view of civil pleading nor the liberal pro se practice of this court has done away with the time honored notion that the law and the courts of the United States are important parts of American society worthy of respect. This court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of a past age. It is not a sword with which to insult a trial judge.

*Id.* (quoting, *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978)(dismissing an appeal in which the appellant repeatedly called the judge a "liar")).

The Court, at that time, further stated that:

> This court finds Mr. Washington's voluminous filings to be multiplicitous and vexatious, and the court cautions Mr. Washington that continued assertion of frivolous claims shall result in the imposition of sanctions from this court. *See* Fed.R.Civ.Pro. Rule 11; 28 U.S.C. § 1927; and *Battle v. U.S.*, 2008 WL 345526 (5th Cir. 1/8/2008).[5]

*Id.*

---

[5]After dismissal of the matter, plaintiff continued to file various motions until the Court noted that it had previously cautioned plaintiff that "continued assertion of frivolous claims shall result in the imposition of sanctions," and then ordered the Clerk of Court not to accept any further motions for reconsideration or similarly styled motions in the . . . matter." *Id.* (doc. 59, pp. 1-2).

On August 19, 2009, plaintiff filed another lawsuit in this Court, naming as

defendants, "East Baton Parish School System (EBRPSS) and EBRPSS Board of

Directors and : [sic] Charlotte Placide, and Annette Mire, Diane Hilire, Peggy Lede,

Millie Williams, Demoine Rutledge, AND [sic] Elizabeth (Liz) Duran Swinford. *See,*

No. 09-662-BAJ-DLD (doc. 1).[6]   In that matter, plaintiff filed two separate

documents captioned:

> **EMERGENCY MOTION FOR THE CHIEF JUDGE OF THE USDC MDL TO RECONSIDER AND REVERSE THE DENIAL OF THE IFP MOTION AND SERVICE OF THE SUMMONS BY THE US MARSHALL BY JUDGE DALBY FOR HER ONGOING, PLANNED, AND INTENTIONAL MISREPRESENTATION OF FACTS, MISINTERPRETATION OF FACTS,, [sic] AND MISPRESENTATIONS [sic] OF FACTS AND CLEAR FINANCIAL AND TIME DATED EXHIBITS IN MY IFP MOTION TO AGAIN ENGAGE IN CRIMINAL OBSTRUCTION OF JUSTICE AND THE BUSINESS OF THE USDC MDL FOR PERSONAL REASONS, BIASES, PREJUDICE, DISCRIMINATIONS, AND RETALIATIONS IN VIOLATION OF FEDERAL LAWS**

*Id.* (docs. 28, 29, p. 1 (emphasis in original)).[7]

Though the Court, at that time, chose not to address the vexatious nature of

the document, plaintiff subsequently filed a document captioned:

---

[6]The matter was originally designated No. 09-662-JVP-DLD, but was reassigned to the undersigned on July 1, 2010. *Id.* (doc. 18).

[7]The Court, for the sake of brevity, includes only a portion of plaintiff's frivolous and vexatious filings. The sample, however, is representative.

> NOTICE, RESPONSE, AND MOTION FOR RELIEFS
> [sic] BY THE COURT RE THE JUDGES, COURTS, ET
> AL REPEATED ATTACKS AND FILING OF FALSE,
> UNTRUE, UNPROVEN, UNREAD, MISLEADING,
> MISINTERPRETED, MISREPRESENTATION OF
> FACTS, CONTENT IN ORDER, DENIAL OF MOTIONS,
> AND OTHER ERRONEOUS FILINGS IN THIS CASE
> ANF REFERENCED FROM ALL PREVIOUS CASES
> FILED BY THE PLAINTIFF UNDER THE USCA FIFTH
> CIRCUIT AND FEDERAL COURTS WHERE NO TRIAL,
> JURIES, CASES, FACTS, EXHIBITS, DISCOVERY,
> ETC. [sic] HAVE BEEN ALLOWED AND
> UNOBSTRUCTED FROM HEARING, JURIES, AND
> LITIGATION IN ANY CASE: THIS IS A REQUEST TO
> STOP THE FALSE CLAIMS, WRITINGS,
> INFORMATION, FILINGS, ALLOWANCE OF LIES,
> FALSE FILINGS, ETC. [sic] AGAINST THE PLAINTIF .
> . . TO JUSTIFY AND PREPARE FOR THE ILLEGAL
> OBSTRUCTING JUSTICE, DUE PROCESS OF LAW,
> DISMISSAL OF THE CASES, DENIAL OF ALL ORAL
> ARGUMENTS, FAIR AND UNBIASED JUDGES,
> JURIES, EVIDENCE (8,000 PLUS PAGES OF FACTS
> AND LITIGATION IN THIS CASE)

*Id.* (doc. 34, p. 1 (emphasis in original, footnote omitted)).

The Ruling on the motion provided, in pertinent part:

> The Court having reviewed the submission
> described by plaintiff as a notice, response and motion,
> notes that much of the document addresses claims and
> issues not before this Court in the present action, and
> which are, therefore, outside the jurisdiction of this Court.
> The Court also notes that, to the extent the document
> prays for relief, the relief sought is either impracticably
> vague, not based in law and fact, or vexatious and
> frivolous. Plaintiff prays, *inter alia*, for:

(1) "the right to present evidence before a fair, unbiased, non lying, non discriminatory, and equal judge, jury, court . . ."; (2) "a fair court and judges that are not culling, illegally blocking the filing, refiling, motions facts, evidence and litigation to protect the far richer, better connected, and known defendants who have lawyers"; (3) any and all other relief, money, compensation, reviews, protections . . . due . . ."; (4) "justice in unjust court"; (5) "all relief requested in all filing [sic] in this case . . ."; (6) "the religious and all other discriminations and violations to cease; (7) "plaintiff [not to be] sanctioned or fined in this or any other cases . . ."; (8) disclosure of the truth, whistle blowing, and desire for all full due process of law, hearing of facts, examination of exhibits, cessation of the suppression of evidence . . ."; (9) acknowledgement of "the repeated, malicious, violent, and retaliatory denial of all due process and key discovery evidence and motions (more than 50 to date in all cases ) . . ."; (10) "reconsideration of these cases and all of the facts considering that the primary judge HT Wingate who is on their payroll accepting perks, pay, accolades, and/or benefits from the defense . . ."; (11) "all other relief allowed by law and requested in cases . . ."; (12) "relief under Rule 1(B) due to 'conduct prejudicial to the effective and all of the duties of office by reason of mental or physical disability.'"; (13) "[c]lear proof there were no due process hearings and there was extreme obstruction of justice in this case."

(Doc. 34, pp. 25-26).

The Court finds that the document consists, primarily, of nothing more than conclusory and vexatious allegations.[8] The Court also notes that an identical document was filed by plaintiff in a separate case presently before this Court.[9] "It is well settled that a plaintiff's pro se status does not give him a 'license to harass others, clog the judicial machinery with meritless litigation and abuse already overcrowded court dockets." *Thanedar v. Time Warner, Inc.*, 325 Fed.Appx 891, 900 (5th Cir. 2009) (quoting *Kaminetzky v. Frost Nat'l Bank of Houston*, 881 F.Supp. 276, 277-78 (S.D. Tex.1995); see also, e.g., *Knighten v. Cave & McKay*, 32 F.3d 566 (5th Cir. 1994) (stating that "[w]hile the district court is obliged to construe pro se pleadings liberally, it is not required to condone blatantly frivolous, vexatious, or harassing conduct").

Plaintiff is, accordingly, warned that repeated, frivolous or vexatious filings will subject him to appropriate sanctions. See e.g., *Greene v. Fontenot*, 221 Fed.Appx 343 (5th Cir.2007) *cert. denied*, 552 U.S. 864, 128 S.Ct. 153, 169 L.Ed.2d 105 (2007) (holding that a district court did not abuse its discretion in opposing sanctions where a pro se litigant made, *inter alia*, "scandalous allegations

---

[8]The first sentence of the text provides:

> This is a motion for relief from all of the USDC'S, USCA FIFTH CIRCUIT, judges, and courts repeated false attacks upon me as An American Pro Se Litigant in cases where judges, judges wives, their employers, friends, associates, fellow adjunct professors, and other contacts are committing the violations of federal, state, unconstitutional, child abuse, student abuse FERPAA, CRA OF 1964, US Constitutional and other laws.

(Doc. 34, p. 1).

[9]*See* No. 10-322-BAJ-DLD (doc. 10). At that time, the case was assigned to Chief Judge Ralph E. Tyson and the case bore the designation 10-322-RET-DLD. The only differences noted by the Court between the document filed in that case and the one filed in Case No. 09-662-BAJ-DLD are the case captions.

against various officials in this and other courts"); *BKS Properties v. Shumate*, 51 Fed.Appx 483 (5th Cir. 2002) (noting that sanctions are appropriate where pro se parties abuse the judicial process); *Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998) *cert. denied*, 526 U.S. 1157, 119 S.Ct. 2044, 144 L.Ed.2d 212 (2007) (noting that a district court has discretion to impose sanctions upon vexatious or harassing litigants); *Birdo v. Carl*, 32 F.3d 565 (5th Cir. 1994) (noting that, in considering the propriety of sanctions imposed on a pro se litigant, the court considers whether the litigant received a warning prior to imposition of the sanctions).

*Id.* (doc. 36, p. 2-3 (footnotes in original)).

On May 30, 2011, after granting plaintiff a twenty-one day extension to oppose a motion to dismiss the matter, plaintiff sought further extensions of the deadline and ultimately filed an opposition far in excess of Local Rule 7.8, which had been "previously brought to plaintiff's attention." *Id.* (doc. 51, p. 1-2). Nonetheless, the Court considered the opposition and found "that it fail[ed] to address the grounds set forth in defendants' motion." *Id.* (doc. 51, p. 2). The Court further noted that plaintiff "failed to comply with, or even respond to, the Court's Order of April 12, 2011, and has, therefore, failed to establish this Court's subject matter jurisdiction." *Id.* (doc. 51, p. 4). Accordingly the matter was dismissed for lack of subject matter jurisdiction. Plaintiff subsequently appealed the dismissal and the appeal is currently pending before the Fifth Circuit Court of Appeals.

On May 4, 2010, plaintiff filed another lawsuit in this Court, naming as defendants the same persons named in the previously dismissed Civil Action No. No. 07-451-JJB-DLD: The National Education Association, Reggie Weaver, Louisiana Association of Educators, Carol Davis, East Baton Rouge Parish Association of Educators Board of Directors of 2001-2003, Susie Rivet, Anita Haywood, Ventress Cofer, Vera Ellis, Louise Smith, Fran Schurtz, Ernie Blanson, Chris Blanchard, Jeff Travasos, and Bernadine McFadden. *See,* Civil Action No. 10-322-BAJ-DLD (doc. 1).

The Magistrate Judge assigned to the case, on September 8, 2011, noted that, insofar as the Court could determine, "the parties, issues, and claims are nearly identical, if not completely identical, to the issues and claims raised by plaintiff in Civil Action 07-0451-JJB-DLD, and seem to relate to events which occurred between 2002 and 2006." *Id.* (doc. 34, p. 4). The Court also denied multiple motions as vexatious and provided notice that it was conducting a review of the *in forma pauperis* proceeding pursuant to 28 U.S.C. §1915(e).[10]

The Court subsequently concluded that the complaint and amended complaint in that matter "demonstrated a notable lack of specific, nonconclusory, material allegations against specific defendants such as are required to establish

---

[10]The Court denied as vexatious, documents 21, 23, 24, 30, 31. See, *Id.* (doc. 34, pp. 5-7).

claims upon which relief may be granted." *Id.* (doc. 36). Accordingly the Court dismissed the lawsuit as frivolous, pursuant to 28 U.S.C. §1915(e).

Plaintiff filed the present matter on July 29, 2010, naming among other defendants, East Baton Rouge Parish School Board of Directors, and Elizabeth Duran-Swinford, who were both defendants in plaintiff's previously dismissed Action No. 09-662-JVP-DLD.[11] Moreover, the complaint makes some allegations that are very similar to those in the previously dismissed matter.

Despite repeated warnings against vexatious and frivolous filings, plaintiff in the present matter has accused the Court of "obstruction, threats, abuse of [ ]office [and] extreme, gross, malicious, arbitrary, and capricious obstruction of justice for the defendants in the USDC MDL Case 10CV00503" (doc. 39, p. 3). Plaintiff also captioned another document, in part, "RESPONSE AND ATTACHED REFILED DOCUMENTS (13, 16, 17, 18, 20, 21, 24, 25, 26, 27, 28, 34, 35, AND 36) DEMANDED BY JUDGE BRIAN A. JACKSON APPEARS [sic] TO BE LAYING THE FOUNDATION TO OBSTRUCT JUSTICE AND [sic] THIS CASE AS HE DID IN USDC MDL CASE 3:09CV00662 . . . " (doc 41).

---

[11]The complaint also alleges that East Baton Rouge Parish School System, East Baton Rouge Parish School System Board of Directors, Charlotte Placida [sic], Annette Mire, Dianne Helire, and Peggy Lede, all of whom were named in the previously dismissed action, **"ENTERED FALSE, SLANDEROUS, AND DISCRIMINATORY INFORMATION IN THE PLAINTIFFS RECORDS IN THE USDC MDL CASE 09CV0662 IN PREPARATION T O [sic] COMMIT THIS EMPLOYMENT DISCRIMINATION."** (Doc. 1, p. 18 (emphasis in original)).

As is noted *supra*, though the complaint in the present matter consists of seventy-seven pages, it presents few specific, nonconclusory facts and fails to state a claim upon which relief can be granted. Moreover, viewing the plaintiffs' past litigation in its entirety, the Court finds that plaintiff has shown a willingness to resort to litigation without regard to the merits of his claims. A plaintiff proceeding *pro se* "has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded curt dockets. *Farguson v. Mbank Houson, N.A.*. 808 F.2d 358, 359 (5th Cir. 1986). Based upon the frivolous nature of the complaint in the present matter and plaintiff's well-documented history of frivolous and vexatious filings despite the Court's warnings that such behavior will result in sanctions, the Court concludes that Rule 11 sanctions are warranted to prevent further abuse of the legal system by plaintiff.

Federal Rule of Civil Procedure 11 provides in pertinent part:

> (b) By presenting to the court a pleading, written motion, or other paper- - whether by signing, filing, submitting, or later advocating it- - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances;
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by

21

nonfrivolous argument for extending, modifying, or
reversing law or for establishing new law;
(3) the factual contentions have evidentiary support
or, if specifically so identified, will likely have
evidentiary support after a reasonable opportunity
for further investigation or discovery;

* * *

(c) Sanctions
(c)(1)If after notice and a reasonable opportunity to
respond, the court determines that Rule 11(b) has
been violated, the court may impose an appropriate
sanction on any attorney, law firm, or party that
violated the rule or is responsible for the violation.

The United States Supreme Court has held that in order to prevent frivolous

petitions from unsettling the fair administration of justice, the Court has a duty to

deny in forma pauperis status to those individuals who have abused the system.

*In re Sindram*, 498 U.S. 177, 179, 111 S.Ct. 596, 597, 112 L.Ed.2d 599 (1991). In

*Sindram*, the Supreme Court stated that "the Court waives filing fees and costs for

indigent individuals in order to promote the interests of justice, however, [t]he goal

of fairly dispensing justice, ..., is compromised when the Court is forced to devote

its limited resources to the processing of repetitious and frivolous requests." *Id.* at

179-180. The Supreme Court also noted that [p]ro se petitioners have a greater

capacity than most to disrupt the fair allocation of judicial resources because they

are not subject to the financial considerations - filing fees and attorney's fees - that

deter other litigants from filing frivolous petitions." *Id.* at 180.

Accordingly, the Court finds it appropriate to deny plaintiff *in forma pauperis* status for future filings in this Court, and if he chooses to file future complaints in this Court, he will have to pay the appropriate filing fees.

The Court notes, however, that plaintiff, in the present matter, was denied leave to proceed in *in forma pauperis* (doc. 4) and paid the Court's filing fee on December 21, 2011. Accordingly, the Court concludes that a denial of leave to proceed *in forma pauperis*, alone, is insufficient to deter plaintiff from abusive use of the court system. When issuing an order sanctioning a pro se litigant for the filing of vexatious and frivolous actions, "a court must ensure that it is 'tailored to protect the courts and innocent parties, while preserving the legitimate rights of litgants.'" *Thanedar v. Time Warner, Inc.*, 352 Fed.Appx. 891, 900 (5th Cir. 2009) (quoting, *Farguson,* 808 F.2d at 360). "The district court is authorized to control its docket and may enjoin pro se litigants from meritless future filings." *U.S. v. Kazemi*, 251 Fed.Appx. 303, 303-04 (5th Cir. 2007)(citing *Farguson*, 808 F.2d at 360). Such an injunction should be specific and limited to achieve its purpose. *Farguson*, 808 F.2d at 360.

For all of the above reasons, the Court finds it appropriate to enjoin plaintiff from filing, without prior judicial approval, future complaints alleging claims against any of the defendants named in Civil Actions 07-cv-451-JJB-DLD; 09-cv-662-BAJ-

DLD; 10-CV-322-BAJ-DLD; or 10-CV-503-BAJ-DLD, and asserting claims arising out of any matter set forth in the complaints of those cases.

Plaintiff is also cautioned that future frivolous or vexatious filings will result if further sanctions.

## CONCLUSION

For all of the foregoing reasons, the motion by plaintiff to file an amended response (doc. 57) is **DENIED**, and the motion by defendants for sanctions and to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 40) is **GRANTED**.

An Order commensurate with this Ruling shall issue separately.

Baton Rouge, Louisiana, October _13_, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA